# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSEPH FREDRICK MANCUSO III, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CIV-09-991-HE ) |
| MIKE MULLIN, Warden, | ) ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, filed this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). In accordance with Rule 4, Rules Governing Section 2254 Cases, the petition has been preliminarily reviewed. For the following reasons, the undersigned finds the petition was not timely filed, and it is therefore recommended that the petition be dismissed. 28 U.S.C. § 2244(d).

## Background

The following background and history of Petitioner's challenge to his conviction is taken from his petition and the attached documents. Petitioner was convicted on August 7, 2003,[1] pursuant to his plea of guilty to robbery with a dangerous weapon for which he was sentenced to twelve years by the District Court of Comanche County, in Case No. CF-2002-

---

[1] Although Petitioner states in his petition that the date of his conviction was August 7, 2007, it is clear from other documents provided by Petitioner that he was convicted and sentenced on August 7, 2003, rather than 2007. *See e.*g., Petition, Attachment A.

579. Petition, p. 1. He did not appeal his conviction. *Id.,* p. 2. Petitioner filed a pro se motion for sentence modification in the state district court on January 30, 2004,[2] which was denied on January 26, 2005. *Id.,* p. 3 and Attachment A. Over a year later, on April 17, 2006, Petitioner through counsel filed an application for judicial review and shortly thereafter an application for post-conviction relief, both of which were denied. *Id.,* Attachments B, C and E. These and other filings by Petitioner are discussed in more detail hereafter.

The instant petition, filed at the earliest on August 24, 2009,[3] raises the following two grounds for relief: (1) Petitioner's counsel was ineffective because he failed to advise Petitioner that his crime fell under the Eighty-Five Percent Rule[4] and because counsel failed to negotiate a sentence at least no greater than the ten year sentence received by Petitioner's co-defendant; and (2) Petitioner was denied due process because his counsel did not fully investigate the case and the state courts took an excessive amount of time to rule on his

---

[2] In his petition, Petitioner asserts that the filing date of this motion was June 30, 2004, petition, p.2; however, the motion reflects a signing date of January 30, 2004, and the undersigned takes judicial notice of the state court docket which reflects the January filing date. *See* Oklahoma State Courts Network (OSCN), State v. Mancuso III, Case No. CF-2002-579, available at http://www.oscn.net, (accessed November 24, 2009).

[3] Although the petition was file-stamped on September 8, 2009, it is deemed "filed" when Petitioner gave it to prison officials for mailing. *See Fleming v. Evans*, 481 F.3d 1249, 1255 n.2 (10th Cir. 2007). The undersigned has therefore assumed a filing date of August 24, 2009, the date Petitioner signed the petition. Petition, p. 8.

[4] Pursuant to Okla. Stat. tit. 21, § 13.1 (Supp. 2000), defendants convicted of the offenses enumerated in the statute must "serve not less than eighty-five percent (85 %) of any sentence of imprisonment imposed by the judicial system prior to becoming eligible for consideration for parole." Section 13.1 also provides that "[p]ersons convicted of these offenses shall not be eligible for earned credits or any other type of credits which have the effect of reducing the length of the sentence to less than eighty- five percent (85 %) of the sentence imposed." This statute was in effect at the time of Petitioner's sentencing.

2

various motions. Petition, pp. 5, 7.

## Analysis

**I.     Screening Requirement**

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court is under an obligation to review habeas petitions upon filing and to summarily dismiss a petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief . . . ." The issue of timeliness may be raised *sua sponte* by the Court. *See Day v. McDonough*, 547 U.S. 198, 209 (2006) (affirming court's *sua sponte* dismissal of habeas corpus petition as untimely under Rule 4 and noting that: "[D]istrict courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition."). *See also Kilgore v. Atty. General of Colo.*, 519 F.3d 1084 (10th Cir. 2008) (holding a court may dismiss a § 2254 habeas petition if its untimeliness is clear from the face of the petition).

Moreover, the undersigned's *sua sponte* consideration of whether the petition is time-barred will not prejudice the Petitioner since he will have a further opportunity to be heard on the matter by filing an objection to this Report and Recommendation. *See Smith v. Dorsey*, No. 93-2229, 1994 WL 396069 (10th Cir. 1994)[5] (finding "no due process problem" where magistrate judge raised issue of procedural bar *sua sponte* and petitioner had opportunity to object to report and recommendation prior to its adoption) (citing *Hardiman*

---

[5]This and any other unpublished dispositions are cited as persuasive authority pursuant to Tenth Circuit Rule 32.1.

*v. Reynolds*, 971 F.2d 500 (10th Cir. 1992)).

## II. The Applicable Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which took effect on April 24, 1996, amended 28 U.S.C. § 2244 to provide that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court," running from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). As a general rule, the period of limitation under this statute runs from the date the judgment became "final" as provided by § 2244(d)(1)(A), unless the Petitioner alleges facts that would implicate the provisions set forth in § 2244(d)(1)(B), (C), or (D). *Preston v. Gibson,* 234 F.3d 1118, 1120 (10th Cir. 2000).

Petitioner has not alleged anything to suggest that subsections (B), (C) or (D) should apply to his claims, and therefore, the timeliness of his petition has been evaluated based on the date Petitioner's conviction became final by the expiration of the time for seeking direct

4

review pursuant to 28 U.S.C. §2244(d)(1)(A).

As previously noted, Petitioner was convicted and sentenced on August 7, 2003. Petition, p.1 and Attachment A. Under Oklahoma law, Petitioner had ten days from that date to file an application to withdraw his guilty plea. *See* Rule 4.2, Rules of the Oklahoma Court of Criminal Appeals, Okla. Stat. tit. 22, Ch. 18, App. Petitioner admits that he did not appeal from his conviction, and as a result, his conviction became "final" for purposes of § 2244(d)(1)(A) on August 17, 2003. *See Fisher v. Gibson*, 262 F.3d 1135, 1142 (10th Cir. 2001) (petitioner's convictions pursuant to guilty pleas were final ten days after entry of each judgment and sentence where petitioner failed to appeal convictions). Thus, the one year period began to run on August 18, 2003, and expired on August 18, 2004. *See Haws v. Jorgensen,* No. 05-4141, 219 Fed. Appx. 781, 783 (10th Cir. March 14, 2007) ("Haws" conviction became final on January 28, 2004, and the one year period of limitations commenced the next day, January 29, 2004.")(footnote omitted); *United States v. Hurst*, 322 F.3d 1256, 1260-61 (10th Cir. 2003)(holding courts should employ anniversary method in calculating the AEDPA statute of limitations). This action was not filed until August 24, 2009, over six years after the expiration of the applicable one-year period. Thus, in the absence of statutory or equitable tolling, the petition is untimely.

B. <u>Statutory Tolling</u>

The AEDPA limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The tolling provisions of § 2244(d)(2) do not, however,

apply where the action for post-conviction relief is not commenced within the one-year period of limitation. *See Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001) (finding petitioner's federal habeas petitions were not tolled for time spent in state post-conviction proceedings because his applications were not filed until after the end of the applicable one-year grace period); *Barnes v. Booher*, No. 00-7066, 2000 WL 1346234, *1 (10th Cir. Sept. 19, 2000) (because petitioner's state petition for post-conviction relief was not filed until §2244(d)'s limitation period had already expired, that petition did not serve to toll the limitation period under §2244(d)(2)).

Petitioner is not entitled to any statutory tolling because he failed to seek any post-conviction relief during the relevant one-year period. The only document Petitioner purports to have filed in the state court prior to the August 18, 2004, expiration of the one year limitation period was a motion for sentence modification, filed in the District Court of Comanche County, on January 30, 2004. Petition, p. 2 and Attachment A. The Tenth Circuit has held that motions for sentence modification filed pursuant to Okla. Stat. tit. 22, § 982a "seek discretionary review, their denial is not appealable, and they therefore do not constitute post-conviction proceedings for purposes of tolling the AEDPA limitations period." *Nicholson v. Higgins*, No. 05-7032, 2005 WL 1806446, *1 n.2 (10th Cir. Aug. 2, 2005); *see also Clemens v. Sutter*, 230 Fed. Appx. 832, 834 n.1 (10th Cir. 2007) (concluding that Habeas petitioner's motion to modify his sentence was filed pursuant to § 982a and did not toll the AEDPA limitations period); *but see*, *Bynum v. Howard*, No. 08-6221, 2009 WL 724014, *1 (10th Cir. Mar. 20, 2009) (observing that there is doubt as to whether a request for a reduction

or modification of a sentence tolls the AEDPA limitations period).

None of Petitioner's other motions or applications serve to toll the one-year limitation period because each was filed after the limitations period had expired. *See Fisher,* 262 F.3d 1142-43. On April 21, 2006, Petitioner filed an application for post-conviction relief, an application which, if filed within the one-year limitation period, would have tolled the limitation period. *Id.,* Attachment B.[6] However, because this application was filed well after the August 18, 2004 expiration of the AEDPA limitation period, tolling was not applicable.

Beginning in the fall of 2007, Petitioner filed other motions and applications in the state district court and the Oklahoma Court of Criminal Appeals. Petition, Attachments D, E and J. These documents consisted of additional attempts to reduce the length of his sentence. Petitioner is not entitled to any statutory tolling as a result of these additional filings because in addition to being outside the required time frame, these documents involve Petitioner's attempts to obtain a writ of mandamus which is used to compel the performance of an act and is thus not an "application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." *Moore v. Cain*, 298 F.3d 361, 367 (5th Cir. 2002) (concluding that mandamus application was not an application for post-conviction relief or other collateral review with respect to the petitioner's conviction and thus did not statutorily toll AEDPA limitations period). Thus, the tolling provision of § 2244(d)(2) is not

---

[6]Attachment B includes both an application for judicial review filed pursuant to 22 O.S. § 982a on April 17, 2006, and an Application for Post-Conviction Relief filed on April 21, 2006.

7

implicated by any of Petitioner's filings, and unless equitable tolling is applicable, the petition filed on August 24, 2009, was five years out of time.

    C. Equitable Tolling

The limitations period may be equitably tolled under circumstances where its application would possibly render the habeas remedy "inadequate and ineffective." *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). However, equitable tolling is limited to "rare and exceptional circumstances. *Burger v. Scott*, 317 F. 3d 1133, 1141 (10th Cir. 2003).[7] Equitable tolling may be appropriate, for instance, "when a prisoner is actually innocent" or "when an adversary's conduct - - or other uncontrollable circumstances - - prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). Moreover, equitable tolling is "only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). *See also Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (equitable tolling does not apply unless a petitioner shows both extraordinary circumstances preventing timeliness and diligent pursuit of his claim). The burden is on a petitioner to demonstrate the circumstances that justify equitable tolling. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) ("'[A]n

---

[7] In *Lawrence v. Florida*, 549 U.S. 327, 336 (2007), the Supreme Court assumed *arguendo* that equitable tolling applies to time limits for filing federal habeas petitions by state prisoners. In doing so, the Court referred to the standards for equitable tolling articulated in *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005): a petitioner must show that he has been pursuing his rights diligently and that some extraordinary circumstance prevented him from making a timely filing.

inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence.'") (citation omitted).

Recognizing that there are issues regarding the timeliness of his petition, Petitioner asserts at page ten of his petition that he is entitled to have the limitations period tolled because:

> Due to the complete lack of due process rights violated by the District Court of Comanche County and the Oklahoma Court of Criminal Appeals and the delay in getting responses from both Courts the time limit should not be applied to this case. Mr. Mancuso as a Pro Se litigate has spent countless hours in the Prison Law Library trying to learn his rights and the rules of the Courts. He has followed those rules and the Courts have not.

Petitioner's explanation offers no justification for tolling the limitations period. It is well settled that a petitioner's pro se status and lack of familiarity with the law and court rules do not warrant equitable tolling. *See Miller*, 141 F.3d at 977-78 (lack of access to legal materials is insufficient to establish right to equitable tolling); *Williams v. Boone*, No. 98-6357, 1999 WL 34856, *3 (10th Cir. Jan. 28, 1999) (noting petitioner's pro se status and unfamiliarity with the law do not justify failure to timely file habeas petition); *Marsh*, 223 F.3d at 1220 (noting that "ignorance of the law," even for an incarcerated pro se prisoner generally does not warrant equitable tolling). Nor has Petitioner shown that any delay by the state courts in deciding his motions or applications affected his ability to file this habeas

action timely.[8]

Finally, Petitioner fails to demonstrate that he has diligently pursued his federal claims. *Gibson*, 232 F.3d at 808; *Marsh*, 223 F.3d at 1220. "[T]his Circuit has generally declined to apply equitable tolling when it is facially clear from the timing of the state and federal petitions that the petitioner did not diligently pursue his federal claims." *Burger*, 317 F.3d at 1141. By the time Petitioner sought post-conviction relief, the one-year limitation period had already been expired for over one year. Petitioner initially pursued sentence modifications, rather than any of the federal claims he now brings before this court. If it is Petitioner's claim that he was waiting on the state court to decide the motion for sentence modification, he fails to explain why he waited over another year to file his application for judicial review and his post-conviction application raising his federal claims. Petitioner did not diligently pursue his remedies as is required to be eligible for equitable tolling. For these reasons, the undersigned finds that equitable tolling principles should not be applied.

Because Petitioner is not entitled to statutory or equitable tolling, the applicable limitation period for filing this habeas action expired on or about August 18, 2004, and his federal habeas petition filed on August 24, 2009, is untimely under 28 U.S.C. §

---

[8]Petitioner's Application for Post-Conviction Relief, filed on April 21, 2006, was apparently not denied by the state district court until October 28, 2008, which denial was affirmed by OCCA on July 22, 2009. *See* Petition, Attachment L. Had Petitioner's application been filed prior to the August 18, 2004, expiration of the limitations period, the time to file his federal habeas action would have been tolled during the pendency of such application, to include any "delay" by the state courts in deciding the matter. 28 U.S.C. §2244(d)(2). Petitioner cannot show that the state courts were responsible for his delay in filing the post-conviction application or that any delay by the state court prevented his timely filing of this habeas action.

2244(d)(1)(A).

## **RECOMMENDATION**

For the reasons discussed herein, it is the recommendation of the undersigned Magistrate Judge that the petition for a writ of habeas corpus be summarily dismissed as time-barred pursuant to 28 U.S.C. § 2244(d)(1). Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by December 15, 2009, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. Petitioner is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F. 2d 656 (10 th Cir. 1991).The Clerk of the Court is instructed to electronically forward a copy of this Report and Recommendation to the Oklahoma Attorney General on behalf on the Respondent at the following address: fhc.docket@oag.state.ok.us.

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

ENTERED this 25th day of November, 2009.

_____
BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE